IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ONSLOW ROSS, | : | |
| | : | |
| Petitioner, | : | CASE NO. |
| v. | : | 5:07-CR-77 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

_____

ORDER ON THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 109] that Petitioner Onslow Ross's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied [Doc. 99]. Petitioner Ross filed a timely Objection to the Recommendation [Doc. 110]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objections, has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds Petitioner's Objections to be without merit.

Discussion

**A. Petitioner's arguments regarding recusal pursuant to 28 U.S.C. § 455**

As a threshold matter, Petitioner asserts that the United States Magistrate Judge should have recused himself from this case on two bases: (1) Judge Weigle served as the

1

trial judge's law clerk during Petitioner's trial, and (2) Petitioner's trial counsel, Debra Gomez, served on the selection committee that chose Judge Weigle as a finalist for his current position.  Petitioner posits that these two roles are potential grounds for recusal pursuant to 28 U.S.C. § 455.

Section 455 establishes two standards for recusal.  First, § 455(a) provides that a judge should recuse himself where there is an appearance of impropriety.  The ultimate inquiry under this subsection is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality."  United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003).  In contrast, § 455(b) sets forth specific circumstances in which partiality is presumed.  Recusal is mandatory when any of those circumstances exist.  Id.  However, a "trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true."  Lawal v. Winners Int'l Restaurants Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) (citing United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976)).  Here, Petitioner asserts grounds for recusal under both § 455(a) and (b).

1. **Section 455(a)**

Petitioner asserts that Judge Weigle should recuse himself under § 455(a) because Debra Gomez, Petitioner's trial counsel, served on the committee that selected Judge Weigle as a finalist for his current position. Petitioner does not elaborate on this statement, and it is unclear how Ms. Gomez's role, which had ended at the time this petition was filed, would make a reasonable individual question Judge Weigle's impartiality. Courts that have addressed similar situations have found that a lawyer's participation in, or opposition to, a judicial nomination does not place that judge's impartiality in question. United States v. Evans, 262 F. Supp. 2d 1292 (D. Utah 2003) (district court judge found recusal unnecessary where defense counsel openly and stringently opposed his nomination to the bench); DeNardo v. Municipality of Anchorage, 974 F.2d 1200 (9th Cir. 1992) (lawyer's testimony regarding a judicial nomination illustrates the lawyer's opinion of the judge, not the other way around); United States v. Oluwafemi, 883 F. Supp. 885, 888 (E.D.N.Y. 1995) (district court judge did not recuse where criminal defense counsel "vehemently" opposed his nomination).

Ultimately, "[a]n attorney cannot create his own grounds for recusal." Evans, 262 F. Supp. 2d at 1296. Ms. Gomez did not appear before Judge Weigle in the trial of this case, and even if she had it is unclear how her role on the selection committee could have influenced any decision by Judge Weigle. Thus, the Court finds that Ms. Gomez's

role in this case does not call Judge Weigle's impartiality into question, and recusal is not necessary.

**2. Section 455(b)**

Subsection (b)(3) provides that a magistrate judge must recuse himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." Petitioner asserts that as a law clerk, Judge Weigle served in "governmental employment," served as an "adviser," or "expressed opinion" in violation of § 455(b) during Petitioner's trial. The Court finds that although Judge Weigle worked as a law clerk for this Court, he did not serve in "governmental employment" as contemplated by the statute. The case law interpreting this subsection indicates that it was intended to cover situations where the judge previously served as an attorney for the government, and worked on a particular case in an adversarial role. United States v. Outler, 659 F.2d 1306 (11th Cir. 1981); Murray v. Scott, 253 F.3d 1308 (11th Cir. 2001); Kendrick v. Carlson, 995 F.2d 1440 (8th Cir. 1993); Rivera-Perez v. United States, 508 F. Supp. 2d 150 (D. Puerto Rico 2007); Russell v. Lane, 890 F.2d 947, 948 (7th Cir. 1989).

In fact, as a law clerk, Judge Weigle's interests would have been the same as those of the Court's, and thus would not be aligned with either side. Parker v. Connors

Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988) (holding that a law clerk is forbidden to do all that is prohibited to the judge).  The Court notes that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also MMG Finan. Corp. v. Midwest Amusement Park, LLC, No. 06-C-929, 2009 WL 3245288 (E.D. Wis. Oct. 7, 2009) (district court refused to recuse himself from case where his former law clerk represented the plaintiff).  Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.  Petitioner has not stated that Judge Weigle's role as a law clerk caused him to show favoritism or bias toward either party.  Thus, Judge Weigle's role as a law clerk to this Court does not fall within § 455(b)(3), and recusal is not required.

    **3. Timeliness**

Even if Petitioner's arguments had merit, they are untimely.  The Eleventh Circuit has held that both § 455(a) and § 455(b) contain timeliness requirements, but it has declined to adopt a per se rule on this issue. United States v. Slay, 714 F.2d 1093, 1094 (11th Cir. 1983) (§ 455(a)); Summers v. Singletary, 119 F.3d 917, 921 (11th Cir. 1997) (§ 455(b)).  However, the court has generally found that "where the facts are known

before a legal proceeding is held, waiting to file such a motion until the court has ruled against the party is untimely." Summers, 119 F.3d at 921.  Petitioner's motion was assigned to Judge Weigle on October 18, 2010, and Petitioner is raising these arguments over a year later, after Judge Weigle submitted his Report and Recommendation.  Thus, the Court finds Petitioner's arguments without merit and untimely.

### B. Petitioner's Remaining Objections

Petitioner objects to the Magistrate Judge's handling of his arguments regarding United States v. Santos, 553 U.S. 507 (2008).  Petitioner argues, as he did in his original § 2255 petition, that he has yet to have "meaningful" review of his arguments based on Santos.  Despite Petitioner's objections, Judge Weigle fully addressed Petitioner's arguments in the Report and Recommendation.  The Magistrate Judge found no merit in any Santos argument, particularly in light of the Eleventh Circuit's recent decision indicating that the holding of Santos is limited to proceeds from an illegal gambling scheme, which is clearly inapplicable to this case.  United States v. Demarest, 570 F.3d 1232, 1242 (11th Cir. 2009).  Petitioner's Santos arguments are, in reality, an improper attempt to dispute the Eleventh Circuit's adverse decision on appeal.  Moore v. United

States, 598 F.2d 439, 441 (5th Cir. 1979) ("The appellate process does not permit reruns.").[1]

Petitioner also objects to the Magistrate Judge's decision not to have an evidentiary hearing on his § 2255 petition. An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." Aron v. United States, 291 F.3d 708, 714 (11th Cir. 2002) (emphasis in original). Where a prisoner contests factual issues, the case must be decided on the basis of an evidentiary hearing. Montgomery v. United States, 469 F.2d 148 (5th Cir. 1972).

Although Petitioner asserts that there are disputed factual issues, he bases this on his trial attorney's affidavit and his own arguments. As the Magistrate Judge noted, "admissions of deficient performance by attorneys are not decisive." Harris v. Dugger, 874 F.2d 756, 761 (11th Cir. 1989). Here, it is clear that Petitioner does not dispute the facts. Instead, Petitioner asserts that trial counsel was ineffective for not presenting additional facts, specifically for failing to call an insurance or mortgage expert and for failing to compel a witness to submit a handwriting sample. Generally, "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978). Thus, the fact that "other witnesses might have been available … is not a sufficient ground to prove ineffectiveness of counsel." Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995). The Court agrees with the Magistrate Judge's decision that an evidentiary hearing was unnecessary.

Petitioner's remaining objections simply restate arguments from his original § 2255 petition. The Magistrate Judge thoroughly addressed each and every one of Petitioner's claims, and this Court agrees with the Magistrate Judge's reasoning and conclusions. Accordingly, the Report and Recommendation [Doc. 109] is hereby **ADOPTED** and **MADE THE ORDER OF THIS COURT.**

SO ORDERED, this 13th day of January, 2012.

                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

AES/ssh